## J. M. Tatum et al. *v.* A. S. Caston et al.

Ejectment.    *Purchaser at execution sale.    Outstanding title.*

In an action of ejectment by a purchaser at an execution sale against the defendant in execution, the latter cannot, after the plaintiff has shown title as against him, defeat a recovery by showing an outstanding title in a third person.

Appeal from the Circuit Court of Wilkinson County.

Hon. J. B. Chrisman, Judge.

This is an action of ejectment brought by J. M. Tatum and N. S. Neilson against A. S. Caston and wife, E. A. Caston. The declaration is in the usual form of such actions, and the defendants pleaded " not guilty, of the wrong and injury complained of. "

On the trial the plaintiffs introduced a decree in chancery against the defendants, of date Nov. 15, 1885, an execution issued thereon, of date Nov. 17, 1886, and further showed a levy and sale thereunder of the land in dispute, and the sheriff's deed thereto to the plaintiffs in this action. This sale and deed are of date March 17, 1887. The plaintiffs then rested.

The defendants then offered in evidence a deed to the land in controversy from the defendant, A. S. Caston, to one W. L. Jenkins, of date April 10, 1867 ; a deed from W. L. Jenkins to defendant, E. A. Caston, of date April 20, 1867 ; deeds of gift, to the land in controversy from E. A. Caston to her children Allie J. Caston and others of date Nov. 13, 1882. The plaintiffs objected to the admission of all this evidence offered by defendants. The objection was overruled.

The plaintiffs then offered to show in rebuttal that the suit in which the final decree was rendered against defendants was begun in May, 1882 ; that during the pendency of the suit the defendants disposed of nearly all of their property, except that which was exempt ; and that the debt on which the decree was rendered was then a valid and subsisting one. To all of this evidence the defendants objected, the objection was sustained, and the evidence excluded.

The cause was then submitted to the judge by agreement, and there was judgment for the defendants. The plaintiffs appealed.

*C. P. Neilson*, for the appellants.

1. " A defendant in possession, where the plaintiff is a purchaser under execution and judgment, cannot set up a title in a stranger; and that principle is founded in justice and policy." *Morgan* v. *Hazlehurst Lodge*, 53 Miss., p. 678. See also case of *Jackson* v. *Bush*, 10 Johnson, referred to by the court in the above case and is directly in point. " In the action of ejectment, if both parties trace title to the same source, it is not necessary for the plaintiff to go further and prove that it is good against the world. * * The inquiry is limited to which has the elder and better title." *Wade* v. *Thompson*, 52 Miss., 371. The controversy after plaintiff had made a *prima facie* title to possession was narrowed, we submit to the inquiry " whether defendants had a better title." Caston's children were not before the court—the inquiry into the validity or invalidity of their title would be an idle inquiry, as no judgment thereon would bind them.

2. But if these deeds were properly in evidence, I insist that the plaintiffs had the right in that trial and before that

court to show the invalidity of the deeds. It will not be disputed that the deeds of gift executed under the circumstances disclosed in plaintiffs' offered evidence were fraudulent in law and absolutely void. As to the right of plaintiff to show that the deeds were void, see, 7 S & M., 363; 45 Am. Decisions, 308; 4 Wheat., 380, 462; 4 S. & M., 49.

No counsel for the appellees in this court.

CAMPBELL, J., delivered the opinion of the Court.

The plaintiffs were entitled to recover. *Robinson* v. *Parker,* 3 Sm. & M., 114; *Doe* v. *Pritchard,* 11 Sm. & M., 327.

*Reversed and remanded.*